JOHN B. GRAVES, Appellee, v. I. O. GLASS, Appellant.

1. **Contract: BREACH: DAMAGES.** Where, in an action for the breach of a contract for grading, under which the defendant agreed to furnish the plaintiff with all tools necessary to perform the work, it appeared that the defendant failed to furnish such tools, and on this account the plaintiff was compelled to lie idle for several weeks, and lost the time of his men and teams, though he employed himself at other work when he could get it, and finally was obliged to purchase tools for use in the prosecution of the work, *held*, that the measure of the plaintiff's damages was the value of the time lost by himself, his men and his teams, and that of the use of his own tools, occasioned by the default of the defendant.

2. ——: ——: ——. The efforts of the plaintiff in such case to
lessen the amount of his damages, *held*, should be construed in the
light of the fact that the defendant promised from time to time to
furnish the necessary tools as agreed.

3. **Appeal:** VERDICT: CONFLICT IN EVIDENCE. The verdict of a jury
will not be disturbed upon appeal where the evidence is conflicting.

*Appeal from Linn District Court.*—HON. J. H. PRESTON,
Judge.

WEDNESDAY, OCTOBER 12, 1892.

THIS is an action for damages. The plaintiff, a
subcontractor under the defendant, in 1887, entered
into an agreement with the latter to grade a certain
section of the Cedar Rapids & Chicago railroad, then
being built between Cedar Rapids and Manchester. The
plaintiff claims that by the terms of the contract the
defendant agreed to furnish him with all the tools nec-
essary to perform the work; that he failed to do so, and
hence he has been damaged two hundred and ninety-
six dollars for time of himself, hands and teams lost
while waiting for the defendant to furnish the tools.
He also asks thirty-five dollars damages for use of
plows and scrapers that he was obliged to furnish in
place of those which the defendant agreed to furnish.
He also claims twenty dollars and sixty-five cents for dam-
ages by being compelled to do the work at a later
season of the year, and thereby losing a portion of each
day, though the wages paid to his employees were the
same. The defendant says he was not to furnish any
tools to the plaintiff except "wheelers," which he
claims he did furnish as he had agreed. Avers that he
has paid the plaintiff in full; denies that the plaintiff
has been damaged, and denies all allegations in the
plaintiff's petition not expressly admitted. In the
fourth division of his answer the defendant pleads a
settlement had with the plaintiff in December, 1887, of
all matters in dispute arising out of said contract,

including the claim now made by the plaintiff. From a verdict and judgment for the plaintiff the defendant appeals.—*Affirmed.*

*C. J. Deacon,* for appellant.

*Milo P. Smith,* for appellee.

KINNE, J.—I. It is insisted that the district court erred in giving to the jury, on its own motion, instruction 5, which is as follows:

"If you find from the evidence that plaintiff and defendant entered into the contract set out in plaintiff's petition, as hereinbefore stated to

1. CONTRACT: breach: damages.

you in instruction 1; that defendant failed, neglected, or refused to furnish the necessary and ordinary tools to carry on said work; that plaintiff exercised reasonable diligence to protect himself against loss or damage by reason of said failure of defendant,—then plaintiff will be entitled to recover for such loss of time by himself, his men and teams, and reasonable value for the use of his own tools, if any loss can be shown by the evidence, as was occasioned by the said failure of defendant to furnish said tools, and for such sum you will find for the plaintiff, together with six per cent. interest thereon from November 19, 1887. If you fail to so find, then you will find for the defendant.

The cases relied on by the defendant as furnishing the rule as to the measure of damages are: *Prosser v. Jones,* 41 Iowa, 676; *Mihill Manufacturing Co. v. Day,* 50 Iowa, 252; and *Riech v. Bolch,* 68 Iowa, 526. A careful examination of these cases shows that the rule therein announced is based on facts widely different from those in the case at bar. In them it is held the damages sought to be recovered were too remote, not the natural and proximate consequence of the breach of the contract, and that they were not such damages

as could, under the circumstances, have been in the contemplation of the parties at the time they entered into the contract. In the case at bar it is claimed, and the jury must have found, that the defendant agreed to furnish to the plaintiff the necessary tools with which to do the grading. The defendant, as the evidence shows, was a man having years of experience in such work. He must have known that the natural result of his failure to comply with the contract in that regard would entail upon him the payment of just such damages as are claimed in this action. The defendant having failed to furnish the tools as he agreed, the plaintiff purchased them, and charges the defendant with the rental value of them while used in the prosecution of the work contracted to be done by the plaintiff.

That part of the instruction relating to loss of time of the plaintiff, his men and teams, is much criticised by counsel for the appellant. The evidence shows the plaintiff, by reason of the defendant's acts, was compelled, for several weeks, to lie idle. It appears he employed himself at other work, when he could get it, so far as he safely could while holding himself, hands, and teams in condition to go to work at the grading whenever the defendant furnished the tools. As we have before intimated, all the items of damages claimed must have been within the contemplation of the parties at the time the contract was made, as they are the natural result of the breach complained of. We do not think we need enter into any extended discussion of the question presented as to the measure of damages in this case. The facts herein bring it clearly within the rule and reasoning adopted by this court in *Brownell v. Chapman*, 84 Iowa, 504, and the cases therein cited.

II. It is insisted that the plaintiff was under obligations to make reasonable effort to lessen the

2. —: —: —. amount of his damages. Such is conceded to be the law, and the evidence in this case shows that the plaintiff acted in harmony therewith. In determining as to whether the plaintiff acted reasonably, we must not forget that the defendant was from time to time promising to comply with his contract and furnish the tools. The defendant ought not to complain of results which are directly attributable to his own acts.

III. Several questions are made as to rulings on the evidence which do not go to the merits of the case; and in other instances the same questions are presented as arose out of the giving of the instruction heretofore mentioned, and hence need not be further considered.

IV. The defendant excepts to the refusal of the court to give instructions 1 and 2 presented by him. These instructions related to the settlement, and the duty of the plaintiff, by the exercise of ordinary care, to lessen his damages. There was no error in refusing them, as the charge of the court was sufficiently specific with reference to the matters embraced therein.

V. It is said that the verdict is contrary to the evidence. It is possible that, as jurors, we might 3. APPEAL: verdict: conflict in evidence. arrive at a different result. It must be conceded that there is much evidence tending to show that the settlement pleaded should be held to embrace the claims herein sued for, yet the evidence is conflicting, and, under long-established rules, sufficient to sustain the verdict. AFFIRMED.