CASE 79.—ACTION BY J. F. DOSS AGAINST THE ILLINOIS
CENTRAL RAILROAD COMPANY.—March 15, 1910.

# Illinois Central R. R. Co. v. Doss

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. . Appeal and Error—Discretion of Trial Court—Continuance—
Denial.—In an action against a railroad company for damages
for failure to rebuild a right of way fence as agreed, the
affidavits for a continuance to procure as a witness defend-
ant's agent, with whom the agreement was claimed to have
been made, stated in detail the facts to which it was claimed
the agent would testify, which facts contradicted plaintiff's
testimony as sharply as the agent's oral testimony could
have done. Plaintiff's claim as to the contract with such
agent was known to defendant before trial, and there was
no claim that defendant was surprised by plaintiff's testi-
mony on that question. Held, that there was no abuse of
discretion in denying a continuance to procure such witness.

2. Appeal and Error—Discretion of Trial Court—Continuance.—
Whether a continuance should be granted is largely in the trial
court's discretion which will not be disturbed unless abused.

3. Continuance—Grounds—Absence of Witness.—It is not suffi-
cient to require the granting of a continuance to procure an
absent witness for counsel merely to state that the person-
al attendance of such witness is necessary; and, if the facts
shown make it reasonably certain that a trial without the
absent witness would less likely result in injustice than the
granting of a continuance, the continuance should be re-
fused.

4. Damages—Breach of Contract—Admission of Evidence—
Damage Sustained.—In an action against a railroad company
for breach of its contract to rebuild a right of way fence
within a week, which its employes destroyed with plaintiff's
consent, plaintiff could prove that a crop of grass for that

year was injured by cattle because of defendant's failure to rebuild, as well as any other injury to the meadow or soil.

5.  Damages—Contracts—Admission of Evidence—Damages.— In an action against a railroad company for damages for the breach of its contract to rebuild a right of way fence within a week after it destroyed it, whereby plaintiff's meadow was destroyed by cattle, if the only way to restore the meadow was to resow it, evidence as to the reasonable cost of plow ing and resowing it was admissible.

6.  Damages—Mitigation—Duty.—If defendant railroad company promised to rebuild its right of way fence along plaintiff's land within a week after it was destroyed, and, when plaintiff complained of its failure to do so at the end of that time, assured him that it would be done soon, and renewed such assurances, and the fence was finally rebuilt at the end of five weeks, plaintiff was not bound at the end of the week to rebuild the fence himself in order to minimize the damage from trespassing cattle.

7.  Estoppel—Estoppel by Conduct.—Where defendant railroad company, after purchasing its right of way from its predeces sor, twice rebuilt a right of way fence adjacent to plaintiff's land at its own cost and maintained it, it is estopped from claiming that it was not bound to restore the fence after it was destroyed by its employes, and there- fore not liable for failure to do so, irrespective of any duty under the statute or under its predecessor's contract with plaintiff to maintain the fence.

8.  Estoppel—Estoppel by Contract.—A railroad company, by asking an adjacent owner's permission to burn a right of way fence, and agreeing to restore it within a week, recog- nized the owner's right to have it restored and maintained by it without cost, and hence was estopped from claiming that it was not bound under its predecessor's contract with the owner, to maintain the fence. .

9.  Railroads—Contracts—Actions—Sufficiency of Evidence.—In an action against a railroad company for damages for breach of contract to rebuild a right of way fence destroyed by it with plaintiff's consent, causing plaintiff's meadow to be injured by cattle, evidence held to support a verdict for plaintiff.

TAYLOR & EAVES, R. Y. THOMAS, JR., BLEWETT LEE and TRABUE DOOLAN & COX for appellant.

BELCHER & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

This is an appeal from a judgment for $250, damages awarded appellee by the verdict of a jury returned against appellant on account of its failure to rebuild, according to its alleged undertaking, a fence separating its right of way from appellee's lands, which had been destroyed by the wrecking of one of its freight trains in March, 1907. In cleaning the wreck appellant piled and burned the debris on the fence in question, and also a portion of a fence owned by appellee individually, which partly inclosed his meadow. The petition, as amended, contained the averments that at the time of the original erection of the fence between appellant's right of way and appellee's meadow, the former's right of way, tracks, and franchise were owned by its vendor, the Newport News & Mississippi Valley Railroad Company, and that, by agreement made 20 years ago between that company and appellee, the former furnished the wire and the latter the posts and labor necessary to erect the fence between the right of way and the meadow, but by the same agreement the Newport News & Mississippi Valley Railroad Company was to be at the labor and expense of thereafter keeping in repair and maintaining the fence, which it did as long as it owned the railroad, and that since appellant acquired the railroad, property, and franchise of the Newport News & Mississippi Valley Railroad Company, it had recognized it to be its duty to keep in repair and maintain the fence in question, and had done so free of cost or trouble to appellee; that at the time the fencing referred to was destroyed by appellant's servants in burning the debris from the wrecked train, its destruction was

consented to by appellee, in consideration of appellant's undertaking to rebuild the division fence within a week, and in that time to furnish appellee for the reconstruction of his individual fence woven wire, instead of the barbed wire formerly composing its material, and that appellant, instead of furnishing the wire for appellee's individual fence or rebuilding the division fence in a week as promised, did not do so for five weeks, during which time appellee's meadow remained unfenced and exposed to the depredation of stock, which so devasted and injured it as to destroy the grass and compel appellee to go to the expense of resowing it; that at the time of the making of the above contract between appellant and appellee it was agreed that appellee should waive any claim for damages which might result to him by the trespassing of stock on his meadow for a period of one week following the destruction of the fence. The amount of damages claimed by appellee for the violation by appellant of its contract was $400, but, as before stated, the jury by their verdict only allowed him $250. Although appellant's answer traversed the averments of appellee's petition as amended, it admitted that the fence separating its right of way from appellee's meadow was a division fence, but alleged that after its destruction no notice to it to repair or reconstruct the same was given by appellee as required by the statute; that the contract between appellee and the Newport News & Mississippi Valley Railroad Company under which the fence between the right of way and appellee's meadow was originally constructed was not in writing or recorded, and was therefore void under the statute of frauds, and that appellant, when it purchased the roadbed, property, and franchise of the

Newport News & Mississippi Valley Railroad Company, had no notice of such agreement, and was not bound thereby. The affirmative matter of appellant's answer was controverted by reply, which completed the pleadings.

Appellant's first contention is that it should have been given a new trial, and is now entitled to a reversal of the judgment appealed from, because of the circuit court's refusal to grant it a continuance of the case on account of the absence, by reason of illness, of A. Murphy, appellant's agent with whom appellee claimed to have made the contract with respect to the rebuilding of the division fence in question and the furnishing to appellee of wire for the rebuilding of the fence of which he is the owner. The importance of Murphy as a witness, as well as the fact that appellant was duly diligent in the steps taken to procure his attendance at the trial, must be conceded, but the two affidavits upon which the motion for the continuance was based and renewed set forth with great particularity all the facts to which it was claimed he would, if present, testify, and if he had testified in person, his statements could not have been more contradictory of appellee's testimony than were those attributed to him by the affidavits. The last affidavit setting forth certain matters of evidence in addition to those contained in the first, to which it was insisted he would also testify, was filed after appellee had given his testimony, and it is not to be presumed that any material fact necessary to appellant's defense that may have been omitted from the first affidavit, and was believed by the latter's able counsel to be in Murphy's possession, was left out of the last affidavit. Besides, the claim of appellee that a contract had been

made by him with Murphy, as appellant's agent, as
to the rebuilding of the fence and the full terms of
such contract, was all set out in the   petition    as
amended, and must therefore have been known to
appellant's counsel when they, in advance of   the
trial, talked with and obtained from   Murphy   his
version of what occurred between appellee and him-
self at the time the contract was entered into, if
any was made between them.   The case was not one
in which appellant's counsel were in the dark as to
what appellee's testimony on the trial would   de-
velop.   They do not now, in argument, claim to have
been surprised by anything occurring   during   the
trial that the personal presence or oral testimony of
Murphy would have prevented or enabled them to
guard against.   Necessarily the question of whether
a continuance should or should not be granted in a
given case is one that must, in large measure, be
left to the discretion of the   trial   court.   For a
litigant or his counsel to merely state that the per-
sonal attendance of a witness is necessary will not
require the court to grant a continuance that his at-
tendance may be procured.   If the facts presented
and within the knowledge of the court are such as
to make it reasonably certain that a trial without the
personal presence of the absent witness would be
less likely to result in injustice than would a con-
tinuance, the continuance should be refused.   It is
a rule of this court not to interfere with the action
of the trial court in the matter of granting or re-
fusing a continuance, unless convinced   that   that
court has abused its discretion, and, being uncon-
vinced that there was in this case such an abuse of
discretion, we are unwilling to say that the trial court
committed an error in refusing appellant   a   con-

tinuance on account of the absence of the witness
Murphy.

It is insisted for appellant that the trial court
erred in permitting appellee to prove any injury to
his meadow other than such as resulted to the grow-
ing crop of grass from the trespassing of stock; and
also in permitting proof of what it cost to resow the
meadow, it being argued that the mere cost of re-
storing the meadow was not the measure of dam-
ages, and as to that matter it was the duty of ap-
pellee, upon appellant's failing to comply with its
contract within the week, to have restored the fences
himself at reasonable cost, and thereby minimize the
damages for which appellant's violation of the con-
tract made it liable.  We think appellee was entitled
to prove not only that the crop of grass for that year
was injured by trespassing stock, but also any other
injury to the meadow or soil, such as that the tram-
pling of the soil destroyed the roots of the grass,
and wholly destroyed it for the purposes of a meadow.
The destruction of the meadow being  the  injury
complained of, its restoration as a meadow was a
thing to be desired and carried out by appellee; and,
in this view of the matter, if, as the proof tended to
show, the only way to restore the meadow was to
plow and resow the ground, proof as to the reason-
able cost of such plowing and resowing was properly
admitted.  Indeed, if the meadow was destroyed by
trespassing stock, the reasonable cost of restoring it
would seem to be the true criterion for estimating
appellee's damages, if the destruction of the meadow
resulted from appellant's violation of  a  contract
made with appellee to restore the fences.  We do not
think appellee under the facts of this case can be
held culpable for a failure to take such steps as

might have minimized his damages. According to the evidence the wrecking of appellant's train caused the destruction of the fence dividing its right of way from appellee's meadow. It was a fence appellant was charged with the duty of maintaining, and which, according to appellee's testimony, it had promised appellee to restore within a week; upon this promise the latter had a right to rely. When he found it had not been done in the time agreed, his complaint thereof only brought fresh assurances that it would soon be done. Because of these assurances appellee had the right to expect, and was induced by them to believe, that each day would see the work of restoring the division fence begun and soon completed, and it was finally done at the end of five weeks. The rebuilding of appellee's own fence destroyed by appellant with the division fence would not have lessened his damages, for the absence of the division fence would still have left his meadow exposed to the depredation of stock.

Whether the duty resting upon appellant to restore the division fence destroyed by its servants was imposed by section 1783, Ky. St., we need not decide; nor is it necessary to pass on the validity of the contract made more than 20 years ago between appellee and appellant's vendor, the Newport News & Mississippi Valley Railroad Company, whereby that company undertook the duty of maintaining the division fence in question, as it is apparent from the evidence that appellant, since it acquired the railroad and franchise of the Newport News & Mississippi Valley Railroad Company, twice rebuilt the fence at its own cost, and altogether has maintained it, and it is now estopped to claim that it is not liable in damages to appellee for injury resulting to his

land from its failure to restore the fence following its destruction by the act of its servants. Moreover, it does not deny that it promised appellee, through its agent, Murphy, to rebuild the fence, but claims that it did not agree to do so in a week, but as soon as its fence crew finished some other work on which they were engaged.

In making the promise to restore the fence appellant recognized appellee's right as the adjoining landowner to insist upon its restoring and maintaining it as a division fence without cost to appellee; hence it asked appellee's permission to burn it with the debris from the wrecked train, and also a part of appellee's individual fence, promising in return for such consent to rebuild the division fence, and in addition furnish appellee some woven wire for rebuilding his own fence. There was really no issue between the parties on the question whether appellant promised appellee to rebuild the division fence, or as to its being its duty to do so, but the issue was as to when it was to be rebuilt. The evidence on this issue, and as to the nature and extent of the injury to appellee's meadow, was conflicting. Appellee's testimony conduced to prove that appellant's servant Murphy promised that the fence should be rebuilt in a week. Appellant's testimony was to the effect that no definite time was fixed, but that it was to be done as soon as the fence crew could complete some other necessary work, and that the rebuilding of the fence at the end of five weeks was as soon as it could be done. This evidence all went to and was considered by the jury, and it cannot be said that there was not some evidence to support the verdict, which is not unreasonable in amount.

We have not overlooked appellant's criticism of the single instruction given by the court. It is faulty in form, but not so defective as to make it radically wrong or prejudicial to the substantial rights of the appellant.

Wherefore the judgment is affirmed.