No. 24,400.

C. C. Winfrey, *Appellee*, v. The Galena Automobile Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Sale of Automobile—*Agreement to Transfer Insurance Policy—Breach of Agreement—No Estoppel to Recover Damages.* Where a seller of a car agrees to transfer a theft policy of insurance on it and thus furnish insurance to the purchaser for a period, which was not done at the time of the sale, but which the seller thereafter promised would be done, and the purchaser relied on the continued promises of the seller, the purchaser is not barred from a recovery for the loss of the car by theft because he did not at once assume that the agreement had been repudiated and procure other insurance in order to mitigate the damages, but relied on the continued assurances of performance by the seller.

2. SAME—*Refused Instructions.* Instructions on the subject which were not given, examined, and held to have been properly refused.

3. SAME—*Effect of Subsequent Promises to Transfer Insurance Policy.* If an agreement has been technically broken and the defaulting party to it makes promises from time to time that he will fulfill the agreement which leads the other party to believe that it will soon be fulfilled, the latter will not be barred from a recovery of damages although relying on the promises he may have taken no steps to prevent loss.

4. SAME — *Executory Agreement — Prevention by Unforseen Contingencies.* Where one agrees to perform an act possible in itself he will be liable for a breach thereof although contingencies not forseen by him arise which make it difficult or even beyond his power to perform and which might have been provided against in the agreement.

5. TRIAL—*Refusal to Submit Requested Interrogatories.* A refusal to submit special interrogatories as to matters of evidence, and not the ultimate facts in the case, and which would not have affected the result of the action, is not error.

6. SAME—*Instructions.* Instructions given and the refusal of those requested, as well as rulings on the admission of evidence, examined, and held to be without error.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed April 7, 1923. Affirmed.

*S. C. Westcott,* of Galena, for the appellant.

*E. B. Morgan,* of Galena, *Charles Stephens,* and *F. E. Dresia,* both of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by C. C. Winfrey against the Galena Automobile Company to recover damages for the failure of the defendant to assign an insurance policy. The plaintiff recovered, and the defendant appeals.

On August 18, 1921, the plaintiff purchased a Ford car from the defendant for $312.50 and the agreement of sale included among other things an assignment of an insurance policy that had been previously taken out on the car. It appears that the car had been first sold to one Flynn, and at that time the defendant procured insurance to be taken out in the name of Flynn with a clause in it that the insurance was payable to the defendant as its interests might appear. Shortly after the sale the plaintiff asked for the transfer of the insurance, and according to his testimony the defendant said that the matter had slipped his mind but that he would attend to it. About a week later he asked for the insurance, but

was told by the manager of the defendant that he had neglected it, but to come back in a few days and that he would bring the policy down and attend to the transfer. It was testified that other calls were made, one with the same result, one as late as September 20, when the manager was absent from his place of business. The car was stolen from the plaintiff on September 27, 1921, and the following day notice of the theft was given to the defendant and according to the testimony the manager acknowledged that he had agreed to transfer the insurance as plaintiff claimed but at a later time the defendant denied that such an agreement was made and also any liability for the loss sustained.

The objections urged on the appeal are that instructions requested were improperly refused. One was, in effect, that if the agreement to transfer the theft insurance was made and the defendant had breached the contract it was the duty of plaintiff to use diligence in obtaining other insurance, and that if he failed to do so it would not be diligence on the part of the plaintiff and he was not entitled to recover in the action. The court, in an instruction given, covered the rule, saying in effect that if the defendant refused to comply with his contract it was the duty of the plaintiff to protect himself by procuring other insurance on the car and he could not recover from the defendant unless the defendant had assured the plaintiff that defendant would procure the assignment and transfer of the insurance and plaintiff relied thereon and for that reason did not procure other insurance.

It is a well settled rule that if a person has been wronged by another from whom he seeks damages the wronged person should use reasonable efforts to avoid the consequences, and no recovery can be had for losses which might have been avoided by the reasonable efforts of the injured party. (*Town Co. v. Leonard,* 46 Kan. 354, 26 Pac. 717; *Frick Co. v. Falk,* 50 Kan. 644, 32 Pac. 360; *Atkinson v. Kirkpatrick,* 90 Kan. 515, 135 Pac. 579.) This rule was properly stated by the court with the added clause, which was appropriate to the facts in the case, that if the defendant instead of refusing compliance promised to carry out the agreement and led the plaintiff to believe that defendant would fulfill the agreement, a recovery might be had. If the plaintiff had been informed of the breach in the first instance, a different rule would apply but as the defendant had acknowledged the agreement, and continued to assure plaintiff that he would fulfill it, the plaintiff had good reason to expect com-

pliance. It would have been unreasonable for the plaintiff to have assumed a repudiation, and that it was necessary for him to procure other insurance. The rule is well stated as follows:

"If, however, a contract has been practically broken, the fact that the other party has from time to time made promises leading to a belief that it would be fulfilled will authorize a full recovery, although plaintiff, relying on such promises, may have taken no action to prevent the injury." (17 C. J. 774.)

The instruction requested ignored the subsequent promises of defendant to assign the insurance and the element of what was reasonable diligence and prudence on the part of the plaintiff as to the taking of steps towards mitigating damages resulting from the defendant's breach. The court was justified in the refusal.

Another request upon the refusal of which error is predicated is that if the insurance was taken in the name of another, the defendant could not transfer it, and defendant would not be liable to plaintiff for the breach of the agreement, if plaintiff knew that the insurance stood in the name of another. This was properly refused.

The insurance appears to have been taken by the defendant in the name of Flynn, a former purchaser of the car. It was possible for the defendant to have transferred or furnished the insurance on the car. It had contracted to provide insurance for the period named. It was liable for the breach of the contract although contingencies or circumstances arose which made it difficult or even beyond its power to perform, circumstances which might have been provided against when the contract was made. In *Drug Supply Co. v. Board of Administration*, 106 Kan. 256, 187 Pac. 701, it is said:

"Generally, when one contracts to do a thing possible in itself he will be liable for breach of such contract, notwithstanding the occurrence of a contingency, which although not forseen by him or within his control, but which might have been provided against, has put it out of his power to perform." (Syl. ¶2; see, also, *Hampe v. Sage*, 87 Kan. 536, 125 Pac. 53; *Hurless v. Wiley*, 91 Kan. 347, 137 Pac. 981; *Carter v. Wilson*, 102 Kan. 200, 169 Pac. 1139.)

There is a complaint that special questions requested by the defendant were not submitted to the jury. As these called for matters of evidence and not ultimate questions of fact in the case, and the questions, if submitted and answered, could not have affected the result of the suit, the refusal was not error.

Objections to rulings on the admission of evidence have been examined and nothing approaching material error is found in them.

Judgment affirmed.