No. 31,641

GEORGE FRITZ, *Appellant*, v. THE WESTERN LIGHT AND POWER CORPORATION, *Appellee*.

(36 P. 2d 90.)

Opinion filed October 6, 1934.

*Samuel Griffin*, of Medicine Lodge, for the appellant.

*J. N. Tincher, Riley Macgregor*, both of Medicine Lodge, *C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger* and *E. S. Hampton*, all of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a lessee of pasture lands, against a light and power company which constructed an electric transmission line through the pasture, for damages to his use of the pasture alleged to have resulted from the construction of the line. The jury answered special questions and returned a general verdict for plaintiff for $70. He has appealed and complains of instructions given, also that other instructions were not given, and of the exclusion of certain evidence.

Plaintiff alleged he had under lease what is known as the Flinton ranch of about 2,700 acres, consisting of some farm land, but mostly of pasture; that he had made a contract with one Bud May to pasture and feed 235 head of cattle during the fall and winter and was to keep the fences in good repair; that defendant entered upon the land near the north end of the pasture, made surveys and constructed an electric transmission line, and in doing so damaged growing wheat and grass by making roadways and dragging poles and tore down fences on the north end of the pasture and at places on the east and west sides, which were not replaced properly, as a result of which some cattle strayed and had to be gathered, and he lost the use of the north end of the pasture for the remainder of the winter.

The evidence disclosed the construction work was done in the latter part of November and took about a week; that in doing so some fences were taken down, which defendant later replaced, but perhaps this was not done as well as it should have been; that a roadway was made across a wheat field by trucks hauling equipment, and that some poles were dragged across the grass.

The court instructed in effect that one who is damaged by the wrong of another should take such action to mitigate his damages as he reasonably could under the circumstances, and if plaintiff could have had the full use of the pasture for the remainder of the fall and winter by herding for a brief period and repairing fences not properly rebuilt by defendant, his recovery on this point would be limited to the cost in time and labor in repairing the fences and in herding the cattle for the necessary period.

Answering special questions, the jury allowed plaintiff $20 for gathering stray cattle, $30 for repairing fences, $10 for damage to grass, $10 for damage to wheat. These allowances are proper under the evidence and the court's instructions.

Appellant contends the court erred in instructing the jury that it was plaintiff's duty to mitigate his damages resulting from defendant's failure properly to repair the fences. Under his theory he could have continued, perhaps for two years or more, to be without the use of the pasture on account of the defective fences and recovered damages of defendant for the lack of such use. The law tolerates no such recovery.

(*Town Co. v. Leonard,* 46 Kan. 354, 26 Pac. 716; *Brown v. Cairns,* 63 Kan. 584, 588, 66 Pac. 639; *Atkinson v. Kirkpatrick,* 90 Kan. 515, 135 Pac. 579; *Hamilton v. McKenna,* 95 Kan. 207, 147 Pac. 1126; *School District v. DeLano,* 96 Kan. 499, 152 Pac. 668; *Winfrey v. Automobile Co.,* 113 Kan. 343, 345, 214 Pac. 781; *Lawson v. Brokmann,* 116 Kan. 102, 226 Pac. 252; *Wilson v. National Refining Co.,* 126 Kan. 139, 144, 266 Pac. 941; *Marmont v. Axe,* 135 Kan. 368, 10 P. 2d 826.)

Appellant contends the rule stated in these cases does not apply when defendant is a trespasser. The authorities are to the contrary. (*K. P. Rly. Co. v. Mihlman,* 17 Kan. 224, 234.) More than that, there is nothing in this record to show that defendant was a trespasser; it may have had authority from the owner to go upon this land and construct this line. There was no error in the court's instruction on this point.

Complaint is made of other instructions. We have examined these and find no error in them. Complaint also is made of the court's rulings excluding evidence of the terms of plaintiff's contract with May. This evidence was not offered on the hearing of the motion for a new trial, as required by statute (R. S. 60-3004), hence the point is not open to review. Aside from that we think the ruling proper.

The judgment of the court below is affirmed.

BURCH, J., not sitting.