INDUSTRIAL DISTRIBUTORS, INC. v. R. C. MITCHELL AND MRS. R. C. MITCHELL.

(Filed 11 October, 1961.)

**1. Bills and Notes § 4—**

Where a purchaser executes a note payable to a bank merely as evidence of the balance due the seller on equipment, receiving nothing from the bank for the note, as between the purchaser and the bank there is no consideration for the note, and the defense of want of consideration may be set up by the purchaser in an action on the note by the bank.

**2. Bills and Notes § 9—**

Where plaintiff acquires a note from the payee subsequent to the date plaintiff contends the note was due, plaintiff may not assert that he was a holder in due course before maturity, and is not protected by G.S. 25-63.

**3. Contracts § 2—**

Where one of the parties to a written contract understands an ambiguous provision of the agreement to mean one thing and the other party to the contract understands that such provision means another, there is no meeting of the minds, and the writing does not constitute a binding agreement.

**4. Sales § 2½— Agreement for payment of balance of purchase price held ambiguous, and contractual date for payment was question for jury.**

Upon the inability of the purchaser to pay the purchase price of a cash sale, he borrowed a part of the purchase price from a bank upon a note secured by a chattel mortgage. Thereafter he executed a contract to pay the balance, secured by a chattel mortgage, "on demand after bank on said equipment." *Held:* The contract merely gave additional security and made the balance payable on demand, if that was the intention of the parties, or extended the due date until after the maturity and payment of the note to the bank, if that was the intention of the parties, or, if one party intended the one and the other party intended the other, there was no binding contract, and the balance of the purchase price was due upon delivery of the goods.

**5. Contracts § 12—**

The interpretation placed upon the agreement by the parties them-

selves prior to controversy is strong evidence of the meaning of the language used.

**6. Limitation of Actions § 18—**

    Where the evidence raises conflicting inferences for the determination of the jury as to the date the amount sued for was due, the bar of the statute of limitations pleaded being dependent upon which of the possible dates the amount due was payable, the court may not assume that in no aspect could the jury find facts which would bar plaintiff's right of action, and a peremptory instruction in plaintiff's favor is error.

APPEAL by defendants from *Bundy, J.*, May 1961 Term of HALIFAX.

Plaintiff, in section 3 of the complaint, alleges defendant for value executed and delivered to Citizens National Bank a note of which exhibit A attached to the complaint is a copy. Section 4 of the complaint alleges the note was transferred to plaintiff on 15 July 1958.

Defendants denied each of these allegations. As additional defenses they allege (a) a sale by plaintiff of an irrigation system in the summer of 1955 and damages resulting from breach of warranty made in connection with the sale, and (b) the three-year statute of limitations to bar plaintiff's claim.

Exhibit A reads as follows:

"$899.97          EMPORIA, VA., September 1, 1955

"On demand after bank on said equipment _____ days after date, we Promise to pay to THE CITIZENS NATIONAL BANK, Emporia, Va., or order, negotiable and payable, without offset, at said Bank _____ DOLLARS for value received; having deposited with said Bank as collateral security for the payment of this note, the following collaterals 1 4″ Gorman Rupp Pump Model 54A-VG4D

"1 4″ Suction Set          Page 3 of 3
1 4″ Suction Strainer
1 160# Pressure Gauge
_60′ 4″ x 30′ Mainline Alum. Pipe
480′ 4″ x 20′ Ditto

and _____ hereby give to said Bank, its President, or Cashier, full power and authority to sell and assign and deliver the whole, or any part, of said collaterals, or any substitutes therefor, or any additions thereto, at public, or private sale, at the option of said Bank, or its President, or Cashier, or either of them, on the non-performance of the above promise, or any of them, or at any time thereafter, and without advertising, or giving to _____ any notice thereof, or without making any demand for the payment of this note.

R. C. MITCHELL
MRS. R. C. MITCHELL"

To determine the rights of parties the court submitted this issue: "In what amount, if any, are the defendants indebted to the plaintiff?" The jury, in response to a peremptory instruction, answered: "$899.97." judgment was entered on the verdict and defendants appealed.

*Josey & Clark for plaintiff appellee.*
*Charles M. White, III, John Kerr, Jr., and Gaither M. Beam for defendant appellants.*

RODMAN, J. Defendants did not offer evidence sufficient to justify the submission of an issue of damages resulting from the asserted breach of warranty.

Defendants' claim of error is based on their plea that the debt evidenced by the note was due and payable more than three years prior to 30 September 1958, the date this action was instituted. Hence the court could not peremptorily instruct the jury to return a verdict in any sum for plaintiff.

The parties are in agreement on these facts: Plaintiff, in the summer of 1955, sold to defendants, farmers, the equipment enumerated in exhibit A for use in irrigating defendants' crops. It was a cash sale. When the equipment was delivered in July, defendants did not have the monies to pay for it. They borrowed from Citizens Bank of Warrenton $1874.35, and as evidence of the debt so created, the defendant R. C. Mitchell executed a note "due on the 23rd day of October, A.D. 1955" and secured payment of that note by a mortgage on the properties described in exhibit A. That note contains this additional provision: "If $624.79 is paid on due date, balance will be carried provided $624.79 is paid on October 23, 1956 and the balance of $624.77 is paid on October 23, 1957." The note also contained this clause: "All the above property is my own, and no other claim thereon." From the monies so borrowed defendants paid to plaintiff the sum of $1750, leaving a balance owing of $899.97. The note in suit was intended to represent that balance. The vice president of plaintiff testified: "The defendant said that was all the bank would lend him so we then took a note for the difference of $899.97." "Mr. Mitchell asked me to put on that note 'after said bank,' which I had to do in order to go along with him because he had not paid . . . It was Mr. Mitchell's intention at that time to pay me after he had paid off the bank . . ."

The evidence shows absence of consideration as between Citizens National Bank and defendants. Had payee brought an action in its name on the note, defendants' plea of want of consideration would, on the evidence, have sufficed to defeat the claim. *Mills v. Bonin,* 239 N.C. 498, 80 S.E. 2d 365; G.S. 25-33.

Plaintiff, according to its allegation, acquired the note by transfer on 15 July 1958. That date was subsequent to maturity as plaintiff would fix the time for payment. Plaintiff is not the holder of a valid negotiable instrument acquired before maturity. It is not protected by G.S. 25-63.

The instrument was intended as a contract between plaintiff and defendant (1) to fix the time when plaintiff could require payment of the balance owing for the irrigation equipment, or (2) to create a lien on the equipment securing payment of this balance, or (3) both of these purposes.

The parties used this language to express their agreement: "On demand after bank on said equipment _____ days after date, we Promise to pay . . ." What is the meaning of the phrase "after bank on said equipment?" Does it mean that plaintiff could not demand payment until maturity of the debt to the Citizens Bank of Warrenton? Plaintiff now so contends. Or does it mean that the lien created was subordinate to the lien given the Bank of Warrenton? Defendants so contend. The language was inserted at the request of defendant R. C. Mitchell. Plaintiff's vice president who procured execution of the note testified: "It was Mr. Mitchell's intention at that time to pay me after he had paid off the bank at Warrenton, or after the last payment was due in 1957." He further testified: "We started trying to collect the account as soon as the note was signed. We started right away. We sent the note to a lawyer in Warrenton for collection. According to our original agreement, the note was due and Mr. Mitchell knew it was due. . . . I got Mr. Mitchell to sign a note on September 1, 1955, merely as security for Industrial Distributors inasmuch as he had failed to pay the cash all at one time. He had violated his agreement to pay me the cash for the entire system at one time. So, not knowing Mr. Mitchell's financial status too well, I decided it was best to have some evidence of debt, therefore I tried to collect the note then. I did not agree to carry this as an open account. . . . we asked Mr. Mitchell for the money and thought it was a cash deal, and the note was merely some form that I could take back to my company to justify not having the cash. . . . I was trying to collect the note all the time." ·

The defendant R. C. Mitchell, a witness in his own behalf, was asked: "What does that mean, 'after the bank'?" He replied: "I did not want the mortgage at the bank and him to have another mortgage. I wanted to be sure his man knew the bank had a mortgage at the time." There was additional testimony from defendant which a jury might interpret as meaning defendant used the words "after bank"

as meaning demand for payment could not be made until the time for payment of the note given Bank of Warrenton had passed.

The evidence was sufficient for the jury to find: (1) There was no meeting of the minds as to the meaning of the phrase "after bank on said equipment." In that event the writing did not constitute a binding contract. *Goeckel v. Stokely,* 236 N.C. 604, 73 S.E. 2d 618; *Dodds v. Trust Co.,* 205 N.C. 153, 170 S.E. 652. (2) There was recognition of plaintiff's right to forthwith require payment but the lien on the equipment was junior to the lien of Bank of Warrenton. This interpretation accords with plaintiff's conduct immediately following the execution and delivery of the document. An interpretation of a writing made by the parties at a time when no controversy existed is strong evidence of the meaning of the language used. *Cole v. Fibre Co.,* 200 N.C. 484, 157 S.E. 857. (3) The time fixed for payment had been postponed to the maturity of the note given Bank of Warrenton.

If the jury should find that parties did not make a binding contract on 1 September, defendants' debt was payable on delivery of the equipment. This was in July 1955. Plaintiff's right of action would, in that event, be barred. If the jury should find the parties understood that plaintiff's right to demand payment was not postponed but a lien was given in the hope that forbearance would be extended, plaintiff's cause of action accrued on the date the note was given and hence would be barred. *Caldwell v. Rodman,* 50 N.C. 139. If the jury should find the right to demand payment was postponed until after maturity of the note to Bank of Warrenton, the cause of action was not barred.

It would have been far simpler and better practice, *Baker v. Construction Corp., ante,* 302, to have submitted an appropriate issue addressed to defendants' plea of the statute of limitations rather than a simple issue of debt. The amount of the debt was not in controversy. The peremptory instruction in plaintiffs' favor is necessarily predicated upon the court's assumption that in no event could the jury find facts which would bar plaintiffs' right of action. This assumption was erroneous.

New trial.