BELDON N. LITTLE v. JAMES D. ROSE and RICHARD (DICK) O'NEAL

No. 34

(Filed 10 October 1974)

1. **Appeal and Error § 24; Limitation of Actions § 18— statute of limitations pleaded — necessity for exceptions and assignments of error**

   Where defendant did not tender an issue as to the statute of limitations, did not move for directed verdict or judgment n.o.v. on the grounds that the pleaded statute barred the cause of action, did not request instructions on the statute of limitations or except to the trial court's failure to instruct thereon, defendant failed to present to the Court of Appeals or to the Supreme Court the question of whether plaintiff had failed to introduce evidence sufficient to carry the burden of showing that the action was commenced within the prescribed period.

2. **Damages § 9— mitigation of damages — promise to repair — justification for failure to minimize damages**

   Though an injured party must do what fair and reasonable business prudence requires to save himself and reduce the damage, the repeated assurance of the defendant after an injury has begun that he will remedy the condition is sufficient justification for the plaintiff's failure to take steps to minimize loss, so long, at least, as there is ground for expecting that he will perform.

Little v. Rose

3. **Damages § 9— mitigation of damages — instruction proper**

In an action for damages to a mobile truck crane and for loss of use of the crane, the trial court properly stated the applicable law as to mitigation of damages and correctly applied the law to the facts of the case.

Chief Justice BOBBITT not sitting.

APPEAL by defendant O'Neal, pursuant to G.S. 7A-30 (2), from the decision of the Court of Appeals, reported in 21 N.C. App. 596, 205 S.E. 2d 150, finding no error in the judgment of *Fountain, J.,* at the 6 August 1973 Session of BEAUFORT.

On 16 February 1970, plaintiff instituted this action for damages to a mobile truck crane sold to plaintiff by defendants on 26 January 1967. He also sought further damages for loss of use of the crane. Plaintiff alleged that defendants as partners sold him the crane and that "as a condition for the purchase of said crane and as a part of the consideration for said sale and purchase, the plaintiff and the defendants agreed that the plaintiff could leave said crane in defendants' possession" on the lot where it was then situated for a period not to exceed one year; defendants agreed (1) that they would not use the crane nor allow anyone else to use it, (2) that they would preserve and take care of the crane, (3) that they would allow plaintiff to take the crane at any time within the one-year period, and (4) that the machine would be in good mechanical condition at the time plaintiff moved it from the premises.

Plaintiff further alleged that "between March 1967 and September 1967" defendants used and operated the subject crane in the loading of a large pump, which use ruined the crane engine and crankshaft and "mashed in" the cab of the crane, with total damages to the crane of $2,000.

As a second cause of action, plaintiff alleged that, when he called for the crane in September, 1967, and found it in such damaged condition, defendants individually agreed that they would have necessary repairs done immediately so as to place the crane in good operating condition, an agreement which neither defendant performed; that he had the opportunity to rent the crane in October, 1967, for a net earning of $1,400 and again in July, 1968, for a net consideration of $4,500; and that as a result of the failure of defendants to honor their promise to repair, he was unable to take advantage of either of these opportunities. On this cause of action, plaintiff prayed judgment for $5,900.

Defendant Rose failed to answer, and judgment by default and inquiry was entered against him by the Clerk of Superior Court of Beaufort County on 7 February 1973. Judgment by default final against Rose was entered on 14 February 1973.

Defendant O'Neal filed timely answer, in which he denied all material allegations of the complaint. He further answered that his relationship with defendant Rose was limited to furnishing Rose the money to purchase the crane. Under this financing arrangement between the two defendants, O'Neal furnished the money, and the title was retained by the East Carolina Bank for defendant O'Neal until O'Neal's advance was paid in full. Defendant O'Neal admitted that he did deliver title to plaintiff and receive a check for full payment from him on 26 January 1967 but that such payment was applied to the satisfaction of Rose's indebtedness to him. He denied any knowledge of, or participation in, any arrangement for the retention of the crane or any promise or undertaking to repair the crane after it was damaged. In further answer, defendant O'Neal pleaded the three-year statute of limitations, G.S. 1-52(1), in bar of plaintiff's claims.

On 8 August 1973, defendant O'Neal moved for judgment on the pleadings on the grounds that the complaint showed as a matter of law that plaintiff's claim was barred by the statute of limitations. Judge Fountain denied the motion. At trial, both plaintiff and defendant O'Neal offered evidence which tended to support the allegations in their respective pleadings except as to plaintiff's allegations concerning the existence of a partnership. The jury returned a verdict for plaintiff in the amount of $7,900.

Defendant appealed to the Court of Appeals, which affirmed, with Judge Baley dissenting. Defendant then appealed to this Court pursuant to G.S. 7A-30(2).

*Wilkinson, Vosburgh & Thompson, by James R. Vosburgh, for appellant.*

*LeRoy Scott for appellee.*

BRANCH, Justice.

[1] Defendant contends that the Court of Appeals erred by holding that the three-year statute of limitations did not bar plaintiff's action.

In this connection, prior to trial defendant moved for judgment on the pleadings on the ground that the action was barred by the three-year statute of limitations.

The Court of Appeals, relying on rules set forth in *Wilson v. Development Co.,* 276 N.C. 198, 171 S.E. 2d 873, correctly held that plaintiff had "pleaded facts sufficient to establish that the commencement of this action took place within the three-year period as required by G.S. 1-52 (1)" and that the trial judge properly denied defendant's motion for judgment on the pleadings.

When defendant O'Neal pleaded the three-year statute of limitations, he thereby placed upon plaintiff the burden of showing that the action was instituted within the prescribed period. *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1; *Willetts v. Willetts,* 254 N.C. 136, 118 S.E. 2d 548. Had plaintiff failed to introduce evidence to carry such burden, the trial judge could have allowed a defense motion for a directed verdict. *Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708; *Jennings v. Morehead City,* 226 N.C. 606, 39 S.E. 2d 610. Whether a cause of action is barred by a statute of limitation is a mixed question of law and fact; and where the facts are admitted or established, the trial court may sustain the plea to dismiss as a matter of law. *Teele v. Kerr,* 261 N.C. 148, 134 S.E. 2d 126; *Roberts v. Bottling Co.,* 257 N.C. 656, 127 S.E. 2d 236. Where, however, the evidence is sufficient to support an inference that the cause of action is not barred, the issue is for the jury. *Distributors v. Mitchell,* 255 N.C. 489, 122 S.E. 2d 61; *Brooks v. Construction Co.,* 253 N.C. 214, 116 S.E. 2d 454.

This Court will not ordinarily consider questions not properly presented by objections duly made, exceptions entered and assignments of error not properly set forth. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400; *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416; *Shuford v. Phillips,* 235 N.C. 387, 70 S.E. 2d 193. Examination of this record discloses that defendant did not tender an issue as to the statute of limitations, did not move for directed verdict or judgment notwithstanding the verdict on the grounds that the pleaded statute barred the cause of action, did not request instructions on the statute of limitations or except to the Judge's failure to instruct thereon. In short, by his failure to interpose objections, enter exceptions and properly assign error to the actions of the trial judge, defendant failed to present to the Court of Appeals or to this Court

the question of whether the plaintiff had failed to introduce evidence sufficient to carry the burden of showing that the action was commenced within the prescribed period. Further, we find no error of law upon the face of the record. Thus, defendant's contention as to the plea in bar is of no avail.

[2]     Defendant next assigns as error the sufficiency of the charge of the trial judge on the question of mitigation of damages.

This Court stated the rule on this question as applied to contract cases in *Tillinghast v. Cotton Mills*, 143 N.C. 268, 55 S.E. 621:

> "It is an established principle that when there has been a breach of contract definite and entire, the injured party must do what fair and reasonable business prudence requires to save himself and reduce the damage, or the damage which arises from his own neglect will be considered too remote for recovery."

This principle has been reaffirmed by numerous decisions of this Court. *See, e.g., Construction Company v. Crain & Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590; *Tillis v. Cotton Mills & Cotton Mills v. Tillis*, 251 N.C. 359, 111 S.E. 2d 606; *Chesson v. Container Co.*, 215 N.C. 112, 1 S.E. 2d 357; *Harrell v. Brinkley*, 184 N.C. 624, 113 S.E. 770; *Johnson v. Railroad*, 184 N.C. 101, 113 S.E. 606; *Cotton Oil Co. v. Telegraph Co.*, 171 N.C. 705, 89 S.E. 21. *See generally* Annotation, 81 A.L.R. 282; 25 C.J.S. *Damages* §§ 33-34.

When, however, plaintiff has relied upon representations of the defendants, as here alleged, the essentially equitable rule of mitigation will not be applied to achieve an unjust result. The rule under such circumstances has been succinctly stated, as follows:

> ". . . [T]he repeated assurances of the defendant after an injury has begun that he will remedy the condition is sufficient justification for the plaintiff's failure to take steps to minimize loss, so long, at least, as there is ground for expecting that he will perform."

22 Am. Jur. 2d *Damages* § 32. This modification of the general rule that plaintiff must mitigate his damages has achieved judicial acceptance in numerous cases. *See, e.g., Krauss v. Greenbarg*, 137 F. 2d 569 (3rd Cir.), cert. den., 320 U.S. 791, 64

Little v. Rose

S.Ct. 207, 88 L.Ed. 477, reh. den., 320 U.S. 815, 64 S.Ct. 368, 88 L.Ed. 492; *American Surety Co. v. Franciscus*, 127 F. 2d 810 (8th Cir.); *Norfolk and W. R. R. v. Amicon Fruit Co.*, 269 F. 559 (4th Cir.); *Kentucky Distilleries & Warehouse Co. v. Lillard*, 160 F. 34 (6th Cir.); *Midwest Marine Inc. v. Sturgeon Bay Shipbuilding and Dry Dock Co.*, 247 F. Supp. 283 (E.D. Wis.); *Ford v. Illinois Refrigerating Construction Co.*, 40 Ill. App. 222; *Graves v. Glass*, 86 Iowa 261, 53 N.W. 231; *Steele v. J. I. Case Co.*, 197 Kan. 554, 419 P. 2d 902; *Winfrey v. Automobile Co.*, 113 Kan. 343, 214 P. 781; *Illinois Central R. R. v. Doss*, 137 Ky. 659, 126 S.W. 349; *Garbis v. Apatoff*, 192 Md. 12, 63 A. 2d 307; *Cronan v. Stutsman*, 168 Mo. App. 46, 151 S.W. 166; *Reed v. Universal C.I.T. Credit Corp.*, 434 Pa. 212, 253 A. 2d 101; *Act-O-Lane Gas Service Co. v. Hall*, 35 Tenn. App. 500, 248 S.W. 2d 398; *Vermont Salvage Corp. v. Northern Oil Co.*, 118 Vt. 337, 109 A. 2d 267; *Sears, Roebuck & Co. v. Grant*, 49 Wash. 2d 123, 298 P. 2d 497; *Lopeman v. Gee*, 40 Wash. 2d 586, 245 P. 2d 183; *Florence Fish Co. v. Everett Packing Co.*, 111 Wash. 1, 188 P. 792.

In instant case plaintiff testified that he was assured by defendants on several occasions that they would repair the damaged crane. Defendant O'Neal denied that he had given plaintiff any assurance that he would repair the crane. Thus a question of fact was presented for decision by the jury.

[3] Judge Fountain, in relevant part, instructed the jury:

"Now, the question of loss of use is subject to certain qualifications and explanations. If the defendants agreed that the equipment had been damaged and that they would repair it and put it back in the same condition it had been before it was damaged, then the plaintiff had a right to rely upon such representations and expect the defendants to do so, until in the exercise of reasonable care for his own property, it became apparent to him that they would not do so, and if it did become apparent, that is if it was obvious to him from inaction on the part of the defendants that they would not repair the equipment as they agreed to do, if they had so agreed, then it became his duty to take such action as he could to reduce or minimize any loss that he might otherwise have had, and if the plaintiff knew or should have known that the defendants were not going to repair the equipment and if he, in the exercise of reasonable care for his own property, and own contracts

and own business could have repaired it or had it repaired so that he could have used it on the job in October of 1967 at the Georgia-Pacific yard or in July of 1968 on the marina work, then it was his duty to do so and thereby eliminate the necessity of renting equipment and, instead, charge against the defendants the repair costs, if repairing the equipment would have minimized or reduced his loss.

"In other words, members of the jury, a plaintiff or a party who is injured by a breach of contract has the duty to minimize his loss where he can do so, rather than accept as much loss as he can and seek to recover for it.

"I am not suggesting to you that he could have or could not have, or should have or should not have repaired it. I am simplying saying to you that is a matter for you to determine in passing upon the question of damages."

These instructions fully and accurately stated the applicable law as to mitigation of damages and correctly applied the law to the facts of this case. This assignment of error is overruled.

We do not deem it necessary to discuss the other questions presented by this appeal. Suffice it to say that our careful examination of this record reveals no reversible error.

The decision of the Court of Appeals is

Affirmed.

Chief Justice BOBBITT not sitting.