JESSE GRAVES ET ALS. v. J. W. CAUSEY ET ALS.

(Filed 24 November, 1915.)

**1. Limitation of Actions—Deeds and Conveyances—"Color"—Registration—Possession—Ouster—Notice.**

Where the deceased owner of lands leaves a widow, who, without allotment of dower, remains on the land until her marriage, and then conveys them, with her husband, in fee, for a valuable consideration, and the grantee has his deed recorded and enters into possession and builds upon and exclusively uses the lands, the registration of the deed and the occupancy of the lands put the heir at law of the original owner upon notice of the act of ouster and hostile possession, and the continuous possession by the grantee, or those claiming under him, for seven years, under the deed as color, will ripen the title.

**2. Same—Widow—Heirs at Law.**

The possession of the widow of the deceased owner of lands is not hostile to his heirs, but subservient to their title, and those claiming under the widow generally stand in no better position unless there has been some open, unequivocal act on their part indicating that their possession is adverse.

**3. Statute of Limitations—Dower—Heirs at Law.**

The possession of the widow of her dower interest in her deceased husband's lands is but an elongation of his estate, and is not adverse to his heirs, but in privity with them; and the statute of limitations will not begin to run adverse to them until her death.

APPEAL by defendant from *Shaw, J.,* at September Term, 1915, of GUILFORD.

Civil action to recover land. From the judgment rendered the plaintiffs and the defendant Causey appealed.

*S. B. Adams and R. C. Strudwick for the plaintiffs.*
*R. D. Douglas and Brooks, Sapp & Williams for the defendants.*

BROWN, J. Henry Lindsay, born a slave, owned the land in controversy. He died in 1880, leaving his sister, his only heir at law, from whom the land descended to plaintiffs. Following the death of Henry Lindsay, his widow, Henrietta, remained in actual possession of the property until the execution of the deed hereinafter mentioned. No dower was ever assigned or allotted to her. Some time prior to 1890 Henrietta Lindsay married David Johnson. On 29 January, 1890, Henrietta Lindsay and her then husband, David Johnson, executed and delivered a fee-simple deed to Robert W. Causey for this land, reserving in the deed a small portion of the land as a home for the grantors for life. This deed was recorded 29 January, 1890, and at once the grantee went into actual possession of all the land, except the part reserved by the grantors for their lives, and the grantee and those claim-

ing under him have remained in actual possession ever since. R. W. Causey, the grantee, executed a deed in fee to defendant J. W. Causey, registered 5 March, 1890, and other defendants claim by deeds from him. Henrietta Johnson and her husband, David, are dead, the former dying in 1914 prior to commencement of this action. The court adjudged that the plaintiffs were not entitled to recover any of the land except that portion described in the deed from Henrietta Johnson upon which the estate for life was reserved. From this judgment plaintiffs and defendant Causey appealed.

### PLAINTIFFS' APPEAL.

The judge below held that the deed from Henrietta Johnson and her husband to Robert W. Causey of 29 January, 1890, and the deed from Robert W. Causey to J. W. Causey of 5 March, 1890, under whom the other defendants claim all the land except that embraced in the reservation, were good as color of title and that the grantees therein had been in actual adverse occupation since that date, and that plaintiffs were not entitled to recover of these defendants. In so holding, we think the judge correct. That the deeds, admitted to be in proper legal form, are color of title is fully sustained by many precedents. *Tate v. Southard,* 10 N. C., 119; *Smith v. Proctor,* 139 N. C., 315.

That the possession was adverse to plaintiffs as well as all the world is beyond question. The deeds were put upon record and purported to convey a fee-simple estate for a valuable consideration. These defendants thus gave notice to the world that they claimed the land in fee, and from the moment they took possession they were subject to suit and eviction by the plaintiffs. They at once entered on the land and built on it and in every manifested that they claimed to own the land in fee. There is nothing to qualify and explain this possession, and the law presumes it to be adverse, and being adverse, it amounts to disseizin of the heirs. *Alexander v. Gibbons,* 118 N. C., 796; *Faggard v. Bost,* 122 N. C., 523; *Brown v. Morisey,* 124 N. C., 296.

The widow does not hold adversely to the heirs, but in subserviency to their title, and those claiming under the widow generally stand in no better position unless there has been some open, unequivocal act on their part indicating that their possession is adverse.

Upon this subject, *Ruffin, J.,* said in *Malloy v. Bruden,* 86 N. C., 258: "Upon the decease of the ancestor, Archibald Fairley, the title and the possession of the land, subject to his widow's right to dower, was cast upon his daughter, Mary Ann, as his only heir; and upon the assignment of her dower, the widow took possession, not adversely to the heir, but in subserviency to her title, and so continued to hold; and neither she, herself, nor any one claiming under her, could acquire any

right against the heir by virtue of the statute of limitations, at least not without some open, positive change of possession, accompanied with some manifestation of an unequivocal purpose to hold adversely to her, such as would have subjected the party coming in under such change of possession to an action at the instance of the heir."

In other jurisdictions the relation of the vendee of the widow to the heirs is held to be such as not to estop him from holding possession of the land adversely to the heirs of the deceased. *Cooper v. Watson,* 73 Ala., 252; *Irving v. Libbetts,* 26 Pa. St., 477.

The judgment of the Superior Court upon the plaintiffs' appeal is

Affirmed.

### DEFENDANT J. W. CAUSEY'S APPEAL.

This defendant claims that part of the land reserved in the deed from Henrietta Johnson to Robert Causey, under whom J. W. Causey claims. Henrietta remained in possession of this part of the land until her death in 1914. As to this part the judge held that her possession was not adverse to the heirs of Henry Lindsay, the plaintiff, and that they are entitled to recover. This ruling meets with our approval. The possession by the widow of this reservation was never adverse to the plaintiffs. She was entitled to dower and to remain on the land during her life. Her estate was but an elongation of her deceased husband's estate, and as widow she held in privity with and not adversely to the heirs. *Everett v. Newton,* 118 N. C., 921; *Malloy v. Bruden,* 86 N. C., 258.

As Robert Causey and his grantee, J. W. Causey, held subject to her life estate, and as neither of them was ever in possession of this reserved portion of the land, they had no possession to ripen their color into a good title. The plaintiffs could not be put to their action against them because the plaintiffs had no cause of action until the widow died.

The judgment of the Superior Court upon the defendant Causey's appeal is

Affirmed.