FRED L. POORE AND WIFE, EDNA S. POORE v. NORFOLK-SOUTHERN RAILWAY

No. 762SC167

(Filed 7 July 1976)

**Limitation of Actions § 18— statute of limitations — failure of proof**
    The trial court properly directed a verdict for defendant railway in plaintiffs' action for breach of right-of-way agreements where defendant pleaded the statute of limitations and plaintiffs failed to offer evidence at trial that would repel the bar of either the five-year or three-year periods prescribed in G.S. 1-51 and G.S. 1-52.

APPEAL by plaintiffs from *Walker, Judge.* Judgment entered 8 October 1975 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 24 May 1976.

On 27 January 1972 plaintiffs instituted this action and alleged that defendant breached two contracts entered into with plaintiffs on 27 July 1965. The contracts provided for the purchase by defendant of a right-of-way across plaintiffs' lands. The contract authorized the removal of earth from a certain portion of plaintiffs' land in order to fill in areas of swamp land over which the railroad was to be constructed. Defendant

was obligated under the contracts to "install a grade crossing [and] . . . a cattle underpass to be constructed out of 10 gauge corrugated metal pipe 72 inches in diameter," and to "leave the . . . premises reasonably level or with a reasonably uniform slope."

Plaintiffs alleged that the underground access route for livestock was filled with dirt within several weeks after its installation, and that the private crossing was also unsuitable within three weeks after installation. Plaintiffs further alleged that defendant removed earth from areas not specified in the contract, and failed to level the land and provide adequate drainage after digging out large quantities of earth from the plaintiffs' lands. Plaintiffs prayed for damages in the amounts of $2,500 for lost livestock, $15,000 as reasonable compensation for loss of use of the land severed by the railroad, $25,000 punitive damages, and the difference in the fair market value of the lands adjacent to defendant's right-of-way before and after the installation of the right-of-way. Also, plaintiffs sought an order requiring the defendant to regrade and adequately drain the land.

Defendant answered asserting that it had performed all acts required under the contract in a reasonably prudent and workmanlike manner. It alleged that plaintiffs were negligent "in failing to construct and maintain proper fences; in failing to seed and fertilize the sloping land so as to impede erosion; [and] in placing animals in an area which plaintiffs knew, or in the exercise of due care should have known, to be hazardous to said animals," and that plaintiffs failed to take measures to minimize their damages. Defendant also pleaded the statute of limitations as a bar to plaintiffs' recovery and counterclaimed for $8,000 as damages to its right-of-way.

Plaintiffs filed an amended complaint and alleged that defendant promised to perform further work under the contract, and that it was not until 31 December 1969 that the defendant took the position that it had no further obligations under the contract.

Defendant moved for summary judgment which was denied.

The parties stipulated in the pretrial order that the defendant "completed its work in the 'bar-pit' area" [described in the contract in Book 587, page 50], installed a grade crossing, and installed metal pipe to be used as the cattle crossing.

Plaintiffs' evidence at trial tended to establish that, prior to the construction of the railroad, plaintiffs' lands were used for pasture and grazing cattle. Plaintiffs presented testimony that defendant removed quantities of earth from the land reducing the level of the land from 33.7 feet above sea level to 21.9 feet above sea level, and that the defendant made no effort to level the land after removing the dirt. Plaintiffs introduced further evidence that the grade crossing and cattle crossing were unfit for use within a very short period after construction.

At the close of plaintiffs' evidence defendant moved for a directed verdict on the grounds that plaintiffs' evidence failed to establish a breach of contract by the defendant, and failed to repel the bar of the statute of limitations. The motion was granted and plaintiffs appealed to this Court.

*Wilkinson and Vosburgh, by John A. Wilkinson, for plaintiff appellants.*

*Rodman, Rodman and Holscher, by Edward N. Rodman, for defendant appellee.*

ARNOLD, Judge.

Defendant sufficiently alleged the statute of limitations as a bar to plaintiffs' cause of action. The directed verdict for defendant was based, in part, on the grounds "that the plaintiffs' evidence, taken in the light most favorable to them, fails to repel the bar of the Statutes of Limitation, G.S. 1-52 and/or G.S. 1-51, pleaded by the defendant in its answer, . . . . "

When defendant pleaded the statute of limitations the burden was placed on plaintiffs to show that the action was instituted within the prescribed period. *Jewel v. Price,* 264 N.C. 459, 142 S.E. 2d 1 (1965). Although plaintiffs' amended complaint contained allegations which, if true, might have been sufficient to overcome the bar of the statute of limitations, they failed to offer any evidence at trial that would repel the bar of either the five-year or three-year periods prescribed in G.S. 1-51 and G.S. 1-52.

Since the plaintiffs failed to put on evidence to meet their burden of showing that the action was brought within the prescribed periods the defendant's motion for directed verdict was properly entered. *Little v. Rose,* 285 N.C. 724, 208 S.E. 2d 666 (1974); *Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965);

and *Jennings v. Morehead City,* 226 N.C. 606, 39 S.E. 2d 610 (1946).

It would be superfluous to consider the remaining assignments of error. Judgment is

Affirmed.

Judges PARKER and HEDRICK concur.