GEORGIA-PACIFIC CORPORATION v. WILLIAM H. BONDURANT, SR.; DORO-
THY B. BONDURANT; AND WILLIAM H. BONDURANT, JR.

No. 8525DC1276

(Filed 17 June 1986)

1. **Rules of Civil Procedure §§ 8.2, 36— general denial to complaint—failure to re-
spond to request for admissions—effect—action not barred by statute of limita-
tions**

By failing to respond in any way to plaintiff's request for admissions and
by filing only a general denial to plaintiff's complaint, defendants thereby ad-
mitted the existence of a debt, their liability for it under a guaranty agree-
ment signed by them, and facts establishing the timeliness of plaintiff's action;
therefore, the trial court erred in allowing defendant's motion for directed ver-
dict based on the statute of limitations on the ground that plaintiff "failed to
plead or place in evidence the thing which may show that it does not come
within the statute of limitations." N.C.G.S. § 1A-1, Rule 8(b) and (d).

2. **Guaranty § 2— summary judgment improperly denied**

The trial court erred in denying plaintiff's motion for summary judgment
in an action to recover on a guaranty where the only possible ground for deny-
ing summary judgment was the affirmative defense of failure of consideration,
but the language of the guaranty was unambiguous and conclusively control-
ling over defendants' unwritten interpretation of the contract.

APPEAL by plaintiff from *Noble, Judge.* Judgment entered 1
October 1984, and order denying new trial entered 28 June 1985
in District Court, CATAWBA County. Heard in the Court of Ap-
peals 15 April 1986.

This is an action by wholesale supplier against defendant
guarantors. Defendants signed an unconditional guaranty agree-
ment in 1977, by which they undertook to pay all sums then or
thereafter owing to plaintiff for plywood supplied to Plywood
Sales Company, Inc. ("Plywood"), of which the individual defend-
ants were the chief officers. Plywood went into receivership in
June 1979, at which time it owed plaintiff $1,895.00. This balance
due has never been paid either by Plywood or by defendants. Ply-
wood is now defunct.

In December 1979, plaintiff filed an action against defendants,
Catawba County No. 79CVD2110, seeking to recover on the guar-
anty agreement. (Plaintiff had earlier filed an unsuccessful action,
Catawba County No. 79CVD353, against Plywood on the unpaid
account.) In March 1982 plaintiff took a voluntary dismissal of its

claim in case 79CVD2110 pursuant to G.S. 1A-1, R. Civ. P. 41(a). In May 1982 plaintiff filed this action on the guaranty. The complaint, as amended in November 1982, alleged that this was the same claim which had been dismissed in case 79CVD2110 and incorporated the record by reference. Defendants answered, denying all material allegations and pleading the statute of limitations and failure of consideration.

Discovery ensued. Plaintiff submitted requests for admissions in August 1982. Defendants never answered them. Plaintiff moved for summary judgment, but that motion was denied.

The case came on for trial in October 1984. A jury was impaneled. Plaintiff introduced the requests for admissions, the court received them into evidence, and plaintiff rested. Defendants immediately moved for a directed verdict, raising a variance between the allegation and proof of the name of the corporate debtor ("Plywood Sales Company" instead of "Plywood Sales Company, Inc."), as well as the statute of limitations. The court rejected the variance argument. It did however allow the motion based on the statute of limitations, on the ground that plaintiff "failed to plead or place in evidence the thing which may show that it does come within the statute of limitations." Defendants never presented any evidence.

Plaintiff timely moved for a new trial, pursuant to G.S. 1A-1, R. Civ. P. 59, and for other relief, pursuant to R. Civ. P. 60. That motion was denied 28 June 1985, and plaintiff immediately gave notice of appeal.

*Oma H. Hester, Jr. for plaintiff-appellant.*

*Rudisill & Brackett, by J. Steven Brackett, for defendant-appellees.*

EAGLES, Judge.

Notice of appeal was timely given. G.S. 1-279; App. R. 3. The appeal is properly before us.

I

[1] North Carolina, apparently alone among American jurisdictions, continues to adhere to the rule that once the statute of limitations has been properly pleaded in defense the burden of

proof shifts to the plaintiff to show that the action was filed within the statutory period. *Lea Co. v. N.C. Bd. of Transp.*, 308 N.C. 603, 304 S.E. 2d 164 (1983); *Little v. Rose*, 285 N.C. 724, 208 S.E. 2d 666 (1974); *see* 54 C.J.S. Limitations of Actions Section 386 (1948). This anomalous rule survived the adoption of the Rules of Civil Procedure, which specifically list the statute of limitations as an affirmative defense and operate generally to place the burden of proof of those defenses on the party raising them. G.S. 1A-1, R. Civ. P. 8(c); *Shaw v. Shaw*, 63 N.C. App. 775, 306 S.E. 2d 506 (1983).

## II

Whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. *Little v. Rose, supra.* Ordinarily it will be for the jury. *Id.* Where the facts are admitted or established, the question becomes one of law for the court. *Pembee Mfg. Corp. v. Cape Fear Constr. Co., Inc.*, 69 N.C. App. 505, 317 S.E. 2d 41 (1984), *aff'd*, 313 N.C. 488, 329 S.E. 2d 350 (1985). The courts have generally applied this latter rule to allow the trial court to summarily dispose of stale claims. *See id.; Teele v. Kerr*, 261 N.C. 148, 134 S.E. 2d 126 (1964).

We see no reason why this rule should not apply equally to allow the court to deny defense motions based on the statute of limitations where the defense has already admitted all facts necessary to bring the claim within the statute. The purpose of the Rules of Civil Procedure is after all to efficiently reach judgment on the merits and eliminate surprise and technicality as weapons of litigation. J. Sizemore, General Scope and Philosophy of the New Rules, 5 Wake Forest Int. L. Rev. 1, 4-7 (1968). Matters which are admitted do not require further proof and may be summarily disposed of. *See Andrews v. Andrews*, 79 N.C. App. 228, 338 S.E. 2d 809 (1986). Where the defense admits that the statute of limitations does *not* bar the claim, it would follow that the question should be summarily treated (if at all) by the court, not the jury. *Pembee Mfg., supra.*

## III

An action on a guaranty not under seal must be commenced within three years of the breach triggering the obligation of the guarantors. G.S. 1-52(1); *Wachovia Bank & Trust Co. v. Clifton*,

203 N.C. 483, 166 S.E. 334 (1932). When a party properly takes a first voluntary dismissal of an action filed within the statute of limitations, that party then has one year to refile the same action even though the refiling may be beyond the general statute of limitations. G.S. 1A-1, R. Civ. P. 41(a); *Parrish v. Uzzell*, 41 N.C. App. 479, 255 S.E. 2d 219 (1979); *Whitehurst v. Virginia Dare Transp. Co., Inc.*, 19 N.C. App. 352, 198 S.E. 2d 741 (1973). These limitations periods apply to this case.

## IV

Defendants never responded to plaintiffs' requests for admissions, nor did they move to amend or withdraw the admissions nor explain their failure to respond. Accordingly, those matters were conclusively admitted and established. G.S. 1A-1, R. Civ. P. 36. The admissions established that defendants executed the guaranty and acknowledged the execution before a notary on 31 January 1977, that the copy of the guaranty agreement attached to the request was a true copy, that defendants had received goods worth $1,895.00 from plaintiff in July 1978, that neither defendants nor Plywood had ever paid for those goods, that Plywood was defunct, and that defendants were obligated jointly and severally for the unpaid balance by virtue of the guaranty agreement. In sum defendants admitted their liability under the guaranty agreement on the merits, unless they could prove their failure of consideration defense. The statute of limitations would expire on the admitted facts at the earliest in January 1980.

## V

In its complaint in this action, plaintiff by amendment included the following averment.

11. This is a new action based on the same claim which was dismissed by the Plaintiff by filing a Notice of Voluntary Dismissal, pursuant to Rule 41(a)(1)(i), in Catawba County Civil Action File Nr. 79CVD2110, which Notice of Voluntary Dismissal was made and served on March 9, 1982, and filed of record on March 10, 1982. The record in Catawba County File Nr. 79CVD2110, entitled Georgia-Pacific Corporation, Plaintiff, vs. William H. Bondurant, Sr., et al, Defendants, is incorporated herein by reference thereto.

The complaint in 79CVD2110, dated 28 December 1979, along with a copy of the same guaranty agreement, defendants' answer and the notice of dismissal, all of which were duly certified as the record of that case by the Clerk of Superior Court of Catawba County, were filed along with the amendment. Defendants answered the amendment by general denial: "The Defendants . . . deny the allegations contained in Paragraph 11. . . ."

G.S. 1A-1, R. Civ. P. 8(b), "Defenses; Form of Denials," is virtually identical to the Federal R. Civ. P. 8(b). The federal rule reflects a legislative intent to discourage general denials because of their "essentially evasive and uninformative quality." 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil Section 1265 at 281-82 (1969). Under the federal rule, a general denial does not automatically create an issue where the facts (ordinarily jurisdictional) are conclusively established, and may be construed in light of the good faith requirement of Rule 8(b) and the provisions of Rule 8(d) governing failure to deny as admitting those allegations. In *Biggs v. Public Service Coordinated Transp.*, 280 F. 2d 311 (3d Cir. 1960), the court held that a general denial constituted an admission of plaintiff's allegation of defendant's citizenship, refusing to hold that counsel in good faith intended to deny the citizenship allegation when there was no actual dispute.

Likewise, defense counsel in this case did not by general denial raise any specific objection to the record of case 79CVD 2110 or to the case history alleged in the amendment. We therefore deem it abundantly clear that defendants admitted that the record so pleaded and filed was what it purported to be. Therefore the only question raised by their answer was a legal one, *i.e.*, the legal effect of the prior action.

We have noted earlier that defendants admitted the existence of the debt, their liability for it under the guaranty agreement, and that the action arose at the earliest in January 1977. By failing to deny specifically any allegations of the amendment, defendants also admitted the following: A complaint was filed against them on 28 December 1979, alleging that these same defendants owed the same plaintiff the same unpaid balance as alleged in this action. The complaint in the prior action was based solely on a guaranty agreement, attached to the complaint and dated 31 January 1977, which agreement appears to be a photo-

copy of the same agreement attached to the complaint in the present action. (In fact most of the material allegations of the two complaints are identical.) The prior action was dismissed pursuant to G.S. 1A-1, R. Civ. P. 41(a) on 10 March 1982.

The only further information needed to conclusively establish the timeliness of plaintiff's action was compliance with the one-year extension period allowed by Rule 41(a). The record itself shows that defendants answered the refiled complaint 8 July 1982. We therefore conclude that defendants admitted all the facts necessary to establish plaintiff's compliance with the statutes of limitation. The question was one of law for the court, not the jury. *Pembee Mfg. Corp. v. Cape Fear Constr. Co., supra.*

Defendants rely on *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965) and *Poore v. Norfolk Southern Ry.*, 30 N.C. App. 104, 226 S.E. 2d 170, *disc. rev. denied*, 290 N.C. 777, 229 S.E. 2d 33 (1976). In those cases, consistent with the general authority of this State, it was held that failure of the plaintiff to introduce evidence of compliance with the statute of limitations entitled the defendant to judgment. However, those cases involved situations where the allegations and theory of the complaint, *if true*, would support a finding that the action was not timely. *Id.* We have found no authority nor has defendant directed us to any, requiring that result where the defendant has *admitted, and the record conclusively reflects*, that the action was timely filed. Our holding here that the court erred in granting defendants a directed verdict, does not conflict with those prior decisions.

## VI

The parties argue in their briefs the question of judicial notice. A court may take judicial notice of its own prior proceedings, *West v. G. D. Reddick, Inc.*, 302 N.C. 201, 274 S.E. 2d 221 (1981), and if requested to take notice of its prior proceedings it must do so. G.S. 8C-1, R. Ev. 201(d). In that case, the court simply instructs a civil jury to accept the fact(s) noticed. R. Ev. 201(g).

Plaintiff never *formally* requested that the court take judicial notice of the file in this case which contained the record of case 79CVD2110. Everywhere else in our rules of procedure and evidence, however, the law favors substance over form. *See* G.S.

8C-1, R. Ev. 103(a); G.S. 1A-1, R. Civ. P. 8(a); *Childress v. Forsyth County Hosp. Authority, Inc.,* 70 N.C. App. 281, 319 S.E. 2d 329 (1984), *disc. rev. denied,* 312 N.C. 796, 325 S.E. 2d 484 (1985). We see no reason why the law of judicial notice should not be likewise.

The transcript reflects that the prior proceedings were discussed at length. Plaintiff pointed out on several occasions to the court that the record in case 79CVD2110 was in the file in this case expressly to show that the action had been timely filed. Plaintiff described to the court what the record contained, and even suggested at one point reopening the evidence. Defendants never disputed in the arguments on their motion that the file was incorrect or that the two cases were not one and the same cause of action. Under the circumstances, the court could probably have taken judicial notice of the file of the prior action. Since we have already decided on other grounds that it erred in granting defendants' motion, we need not reach the question of whether plaintiff's arguments alone were adequate as a request, albeit informal, that the court take judicial notice of the earlier case records.

## VII

[2] Plaintiff assigns error to the denial of its motion for summary judgment. We have already determined that defendants admitted liability on plaintiff's claim and that the action was timely brought. The only possible ground for denying summary judgment is the affirmative defense of failure of consideration. Defendants contend that they only agreed to guarantee payment on credit extending over and above their credit line existing at the time of execution of the guaranty, and that therefore a genuine issue existed. They rely only on their conclusory affidavits to the same effect. The language of the guaranty agreement contains no such language. Instead defendants, "for the purpose either of inducing extension of credit . . . or of inducing temporary forbearance from collection of accounts due . . . [did] guarantee, . . . absolutely and unconditionally, the due and prompt payment . . . of all sums now owing or which may hereafter become owing. . . ." It is undisputed that plaintiff thereafter supplied plywood to defendants. The contractual language is unambiguous and conclusively controlling over defendants' unwritten interpretation of the contract (which from this record was never communicated to

plaintiff). *Brown v. Scism*, 50 N.C. App. 619, 274 S.E. 2d 897, *disc. rev. denied*, 302 N.C. 396, 276 S.E. 2d 919 (1981). Under substantially similar language and circumstances this court has upheld summary judgment against defendant guarantors on a failure of consideration defense. *Int'l Harvester Credit Corp. v. Bowman*, 69 N.C. App. 217, 316 S.E. 2d 619, *disc. rev. denied*, 312 N.C. 493, 322 S.E. 2d 556 (1984). Plaintiff was entitled to judgment here.

Defendants' contention that a genuine issue of fact exists as to whether the underlying debt is one of "Plywood Sales Company, Inc." or "Plywood Sales Company" is frivolous.

CONCLUSION

The court erred in directing verdict for defendants. The court should have entered summary judgment for plaintiff. The case is remanded for the entry of summary judgment for plaintiff.

Reversed and remanded.

Judges WEBB and PARKER concur.