**MARLOWE v. CLARK**

[112 N.C. App. 181 (1993)]

CATHERINE W. MARLOWE, Plaintiff v. BILLY GOODMAN CLARK AND WIFE, SHIRLEY CLARK, Defendants

No. 9215SC929

(Filed 5 October 1993)

**1. Estates § 61 (NCI4th) — actions between heirs — alleged tenants in common — evidence not sufficient**

The trial court did not err by granting summary judgment for defendant on the issue of cotenancy where plaintiff and defendant were children of Mae Goodman White, but had different fathers; the land in question constituted part of a tract acquired separately by plaintiff's father, W. R. White, Sr.; W. R. White, Sr. died intestate in 1960, survived by his wife and two children; under the law at that time, Mae Goodman White was entitled to a one-third dower interest, but it was never laid off; Mae Goodman White conveyed the tract in question to defendant in 1976; and Mae Goodman White died testate in 1981, leaving all of her property to her children. Although plaintiff alleged that she and defendant were heirs of W.R. White, Sr. and that they held the disputed tract as tenants in common, the only possible way in which plaintiff and defendant could have held this tract as tenants in common would have been if both were the children of W.R. White, Sr. and there is absolutely no evidence in the record to indicate such kinship. The mere assertion of a cotenancy relationship in plaintiff's complaint was not sufficient to defeat summary judgment when defendant offered evidence to the contrary.

**Am Jur 2d, Cotenancy and Joint Ownership § 27 et seq.**

**2. Adverse Possession § 2 (NCI4th) — adverse possession — element of hostility — knowledge by owner of owner's interest in property**

The elements of adverse possession, including hostility, were met where defendant was given a deed to the disputed tract by his mother; the deed contained an adequate description of the tract, so that defendant had color of title and the period of possession was only seven years; defendant and his wife have lived continuously on the tract and have paid all applicable taxes from 1977 until the present; the only elements of adverse possession actually disputed were hostile

possession and time of possession; although plaintiff asserts
that there cannot be hostile possession unless the true owner
of the property is aware that he or she has an interest in
the property, she was unable to offer any North Carolina author-
ity to support her position; and it is clear that defendant's
occupation and possession has been exclusive and without any
recognition of plaintiff's rights.

**Am Jur 2d, Adverse Possession § 8 et seq.**

3. **Adverse Possession § 27 (NCI4th)— running of statutory
period—dower interest—assertion of title**

Defendant continuously held the disputed tract for the
statutory period to acquire the property by adverse possession
under color of title where defendant acquired the property
by deed from his mother in 1976; defendant and his wife recorded
a deed of trust on the property, built a home, lived continuous-
ly on the property from 1977 to the present, and paid all
applicable taxes; defendant's mother had acquired the property
through her husband, who had died intestate in 1960, before
the Intestate Succession Act; defendant's mother was entitled
to a dower interest in the property, but it was never laid
off; defendant's mother died in 1981, leaving all of her property
to her children; plaintiff filed a petition for partition in 1987;
defendant filed a counterclaim alleging that he and his wife
owned the disputed tract in fee simple, even though that tract
was not part of the partition petition; defendant voluntarily
dismissed his counterclaim in 1990; and plaintiff filed the pres-
ent action about one year later, ten years after plaintiff's and
defendant's mother had died. Although defendant asserts that
the statutory period of possession began in 1976 when his
mother conveyed the tract to him, there is nothing more than
defendant's unsubstantiated assertion that his mother's dower
interest was never asserted. Taking the facts in the light most
favorable to the nonmovant, plaintiff, defendant's mother prop-
erly claimed her dower interest, defendant could not adverse-
ly hold the tract against plaintiff until their mother died in
1981, defendant's possession was continuous and uninterrupted
since 1981, and with nothing else appearing defendant's title
would have ripened in September 1988, seven years after his
mother's death. Although plaintiff attempts to toll the running
of the statutory period by alleging that the issue of ownership
was raised within the seven years in defendant's counterclaim

MARLOWE v. CLARK

[112 N.C. App. 181 (1993)]

to the partition, it is implicit in N.C.G.S. § 1A-1, Rule 41(a) that only the party who took the voluntary dismissal may refile within the prescribed time.

**Am Jur 2d, Adverse Possession § 15.**

Appeal by plaintiff from order entered 27 April 1992 by Judge F. Gordon Battle in Chatham County Superior Court. Heard in the Court of Appeals 8 September 1993.

*Levine, Stewart & Davis, by John T. Stewart and Donna Davis, for plaintiff-appellant.*

*Law Firm of Wade Barber, by Wade Barber and Page Vernon, for defendants-appellees.*

LEWIS, Judge.

The issue here is the ownership of a three acre tract of land in Chatham County. The plaintiff in this action is the half-sister of the defendant, Billy Clark, both being children of Mae Goodman White, but having different fathers. Catherine W. Marlowe ("plaintiff") asserts an interest in the disputed property as an heir of W.R. White, Sr., whereas Billy Goodman Clark ("defendant") claims title to the property by virtue of adverse possession. We hold that defendant has the superior claim of title and affirm the trial court's entry of summary judgment.

On 14 February 1944, a fifty acre tract of land was conveyed to W.R. White, Sr. and Mae Goodman White as tenants by the entirety (hereafter "Entirety Property"). Upon Mr. White's death, Mrs. White owned this tract in fee simple. On 5 May 1947 Mr. White acquired an adjacent but separate 15.3 acre tract of land (hereafter "the County Home Tract"). On 5 March 1960, Mr. White died intestate survived by his widow, Mae Goodman White, and his two children; William Robert White, Jr. and plaintiff. Under the law existing at the time of Mr. White's death, Mae Goodman White was entitled to a dower interest of one-third the value of the real property held during coverture, but according to defendant this dower interest was never laid off.

In an attempt to provide a home for defendant and his wife, Mae Goodman White conveyed a three acre tract of land (hereafter "the Three Acre Tract") to defendant on 19 May 1976. The Three Acre Tract included a portion of the Entirety Property as well

MARLOWE v. CLARK

[112 N.C. App. 181 (1993)]

as a portion of the County Home Tract. After the property was conveyed to them, defendant and his wife recorded a deed of trust on the Three Acre Tract and began building a home. From 1977 until the present, defendant and his wife have lived continuously on the Three Acre Tract and have paid all applicable taxes.

In September 1981 Mae Goodman White died testate leaving all of her property to her children in the following proportions: two-fifths to plaintiff, one-fifth to defendant and two-fifths to W.R. White, Jr. Plaintiff's brother, W.R. White, Jr., has elected not to pursue the present action and for all intents and purposes has conveyed his interest to plaintiff. In January 1987, in an attempt to close her mother's estate, plaintiff filed a petition to partition 53.4 acres of Mae Goodman White's estate on behalf of herself and her brother. The petition property included portions of the Entirety Property and the County Home Tract, but the petition did not include the Three Acre Tract upon which defendant and his wife were residing. Shortly after the petition was filed, defendant filed a "counterclaim" to the petition asserting that he and his wife were the fee simple owners of the Three Acre Tract. Although defendant eventually voluntarily dismissed his "counterclaim" on 17 October 1990, he unsuccessfully attempted to establish his fee simple title to the Three Acre Tract by asking plaintiff to sign a quitclaim deed.

On 31 October 1991, plaintiff initiated the current action. In her complaint, plaintiff asserted an interest in the County Home Tract as an heir of W.R. White, Sr. and Mae Goodman White. After an amendment and a motion for more definite statement, it became clear that plaintiff was actually asserting an interest in the Three Acre Tract as an heir of W.R. White, Sr.

This matter came before the Honorable F. Gordon Battle on 27 April 1992 on defendant's motion for summary judgment. Judge Battle granted defendant's motion and plaintiff has appealed.

At the outset we note that there is no dispute as to that portion of the Three Acre Tract overlapping the Entirety Property. Mae Goodman White as sole owner of the Entirety Property was free to dispose of the property as she saw fit. Plaintiff conceded this point at oral argument. Thus, the only property in dispute is that portion of the Three Acre Tract which overlaps the County Home Tract.

## MARLOWE v. CLARK

[112 N.C. App. 181 (1993)]

**[1]** In her first argument, plaintiff alleges that the trial court erred in failing to find that plaintiff and defendant held the Three Acre Tract as tenants in common. In her complaint plaintiff alleged that she and defendant were both heirs of W.R. White, Sr. and that they held the Three Acre Tract as tenants in common. Therefore, it was impossible for defendant to have adversely possessed the property against her as there had been no ouster. In support of her position, plaintiff relies on *McCann v. Travis*, 63 N.C. App. 447, 305 S.E.2d 197 (1983).

We find there is no cotenancy. The only possible way which plaintiff and defendant could have held the Three Acre Tract as tenants in common would have been if both were the children of W.R. White, Sr. However, there is absolutely no evidence in the record to indicate such kinship. Whenever plaintiff was asked what her relationship was with defendant, she would emphatically respond: "He's not my daddy's son," or something similar. In her brief, plaintiff has made a reference inferring that defendant was adopted, but she has failed to cite any portion of the record supporting this assertion. In fact, after an extensive review of the record we have found no evidence that plaintiff and defendant were related by the whole blood or that defendant was adopted. We find it incredible that counsel for the plaintiff could argue that the mere assertion of a cotenancy relationship in her complaint was sufficient to defeat summary judgment when defendant had offered evidence to the contrary. *See Wachovia Bank & Trust Co. v. Grose*, 64 N.C. App. 289, 292, 307 S.E.2d 216, 217-18 (1983), *disc. rev. denied*, 311 N.C. 309, 317 S.E.2d 908 (1984) ("When the party moving for summary judgment presents an adequately supported motion, the opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment"). We find counsel's argument that plaintiff and defendant were cotenants in the Three Acre Tract frivolous and devoid of any merit.

**[2]** In the event that we should disagree with her as to the existence of a cotenancy relationship, plaintiff argues that the elements of adverse possession have not been met, particularly the element of hostility. Although we disagree with plaintiff's argument, we find this a reasonable position.

Adverse possession may be defined as the "actual, open, notorious, exclusive, continuous and hostile occupation and posses-

sion of the land of another under claim of right or color of title for the entire period required by the statute." *Federal Paper Bd. Co. v. Hartsfield*, 87 N.C. App. 667, 671, 362 S.E.2d 169, 171 (1987) (citation omitted). If possession is under color of title then the statutory period of possession is seven years. N.C.G.S. § 1-38 (1983). Otherwise possession for 20 years is necessary to acquire title by adverse possession. N.C.G.S. § 1-40. Adverse possession under color of title has been defined as "occupancy under a writing that purports to pass title to the occupant but which does not actually do so either because the person executing the writing fails to have title or capacity to transfer the title or because of the defective mode of the conveyance used." *Cobb v. Spurlin*, 73 N.C. App. 560, 564, 327 S.E.2d 244, 247 (1985). It is well established that a deed may constitute color of title. *Taylor v. Brittain*, 76 N.C. App. 574, 334 S.E.2d 242 (1985), *modified and aff'd*, 317 N.C. 146, 343 S.E.2d 536 (1986). The only requirement is that the deed contain an adequate description of the land. *McDaris v. Breit Bar "T" Corp.*, 265 N.C. 298, 144 S.E.2d 59 (1965).

In this matter, defendant was given a deed to the Three Acre Tract by Mae Goodman White. Since the deed contained an adequate description of the Three Acre Tract, we hold that defendant has color of title. With color of title, the period of possession is only seven years. The only elements of adverse possession which are actually disputed are hostile possession and the time of possession. It is clear that defendant has met the remaining elements.

Plaintiff asserts that there cannot be hostile possession unless the true owner of the property is aware that he has an interest in the property. In this case plaintiff claims that she was not aware of her interest until 1987, and that she filed her action asserting that interest well before the seven year period expired. Although plaintiff's view of hostile possession is innovative, she has been unable to offer any North Carolina authority to support her position. In *State v. Brooks*, 275 N.C. 175, 166 S.E.2d 70 (1969), our Supreme Court stated that hostile possession does not mean ill will or animosity, but only that one claims an exclusive right to the property. Also, *Webster's* describes hostile possession as that possession which excludes any recognition of the true owner's rights. *Webster's Real Property Law in North Carolina* § 289 (1988). It is clear that defendant's occupation and possession has been exclusive and without any recognition as to plaintiff's rights.

MARLOWE v. CLARK

[112 N.C. App. 181 (1993)]

Until recently, North Carolina followed the minority position that an individual had to have an intent to claim against the true owner. This was altered by the Supreme Court's holding in *Walls v. Grohman*, 315 N.C. 239, 337 S.E.2d 556 (1985), wherein the Court stated that:

> [w]hen a landowner, acting under a mistake as to the true boundary between his property and that of another, takes possession of the land believing it to be his own and claims title thereto, his possession and claim of title is adverse. If such adverse possession meets all other requirements and continues for the requisite statutory period, the claimant acquires title by adverse possession even though the claim of title is founded on a mistake.

*Id.* at 249, 337 S.E.2d at 562. There is nothing in this statement, or in any other, suggesting that the true owner must know of his interest in land before possession can be considered hostile or adverse to the true owner. In fact, such a requirement would run counter to the basis of adverse possession. *See Webster's* § 286 ("If persons who own land do not attend it and leave it fallow, and make no attempt to watch after it and use it, it is deemed better for the community and society in general for the title to be shifted after a specified period of time to those who undertake to use it and make it productive.") The ownership of property at issue here was readily ascertainable from the public records in the courthouse. Plaintiff or counsel had only to look. We find no merit to plaintiff's claim that defendant's possession was not hostile.

[3] We now turn to the more difficult issue of whether or not defendant has continuously held the Three Acre Tract for the statutory period. A proper resolution of this matter is made difficult because W.R. White, Sr. died intestate and prior to the enactment of the Intestate Succession Act. Under the law as it existed at the time of Mr. White's death, Mae Goodman White was entitled to a dower interest of one-third the value of all the real property of which her husband was seized during coverture. *See* N.C.G.S. § 30-5 (1950) *repealed by* N.C.G.S. 29-4 (1959) (effective 1 July 1960). Plaintiff claims that Mae Goodman White held the Three Acre Tract as part of her dower interest, making it impossible for her to convey a fee simple to defendant. According to plaintiff she holds the remainder of her mother's dower interest, preventing

the running of the statutory period until the date of Mae Goodman White's death in 1981. In support of this argument, plaintiff relies on the "well established rule that possession of real property cannot be adverse to remaindermen until the death of the life tenant, even though during the lifetime of the life tenant he gave a deed purporting to convey a fee." *Cassada v. Cassada*, 103 N.C. App. 129, 136, 404 S.E.2d 491, 495, *cert. denied*, 329 N.C. 786, 408 S.E.2d 516 (1991) (citations omitted).

In contrast, defendant asserts that the statutory period of possession began in 1976 when Mae Goodman White conveyed the Three Acre Tract to him. As support for his position, defendant cites *Graves v. Causey*, 170 N.C. 175, 86 S.E. 1030 (1915), where the Supreme Court held that one who enters land under a deed from a widow, whose dower had not been allotted, may hold adversely against the heirs. Although *Graves* appears to be on point, we decline to follow it because we have nothing more than defendant's unsubstantiated assertion that Mae Goodman White's dower interest was never allotted. In order to assert her dower interest, Mae Goodman White had to either agree with the other heirs as to what property she would hold, or she had to petition the superior court to lay it off. N.C.G.S. §§ 30-11 and 30-12 (1950) (repealed). From the record before us, we cannot determine which if either course Mrs. White chose.

In reviewing a motion for summary judgment, the issue on appeal is whether or not there is a genuine issue of material fact so as to entitle the movant to judgment as a matter of law. *Smith v. Smith*, 65 N.C. App. 139, 308 S.E.2d 504 (1983). In making this determination all the evidence must be viewed in the light most favorable to the nonmovant. *Bradshaw v. McElroy*, 62 N.C. App. 515, 302 S.E.2d 908 (1983). Taking the facts in the light most favorable to plaintiff, Mae Goodman White properly claimed her dower interest. Therefore, the rule in *Cassada* applies and defendant could not adversely hold the Three Acre Tract against plaintiff until Mae Goodman White died in 1981. The record, however, shows that defendant's possession has been continuous and uninterrupted since 1981 and with nothing else appearing defendant's title would have ripened in September 1988, seven years after Mae Goodman White's death.

Plaintiff attempts to circumvent the running of the statutory period by alleging that the issue of ownership was raised in defend-

ant's "counterclaim" to the petition for partition and that this tolled the running of the statutory period. We do not agree. Plaintiff filed her petition for partition in January 1987. Defendant filed his "counterclaim" on 18 March 1987 alleging that he and his wife owned the Three Acre Tract in fee simple. Even though the Three Acre Tract was not part of the partition petition, we will assume for the sake of argument that defendant's "counterclaim" was sufficient to place the issue of ownership in dispute. This being the case, the issue of ownership would have been raised within the statutory period of seven years. However, defendant voluntarily dismissed his "counterclaim" on 17 October 1990. Approximately one year later, some ten years after Mae Goodman White died, plaintiff filed the present action and attempted to tack onto defendant's "counterclaim" insisting that her action was timely under Rule 41(a) of the North Carolina Rules of Civil Procedure. Rule 41(a) provides:

> Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action . . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

N.C.G.S. § 1A-1, Rule 41(a) (1990). Although not specifically stated, defendant argues that it is implicit in Rule 41(a) that the party who took the voluntary dismissal is the only one who may refile within the prescribed time. We agree and find support for this position in *Georgia-Pacific Corp. v. Bondurant*, 81 N.C. App. 362, 344 S.E.2d 302 (1986). There this Court stated: "When a party properly takes a first voluntary dismissal of an action . . . that party then has one year to refile the same action . . . ." *Id.* at 365, 344 S.E.2d at 304 (emphasis added). Although plaintiff's interpretation of Rule 41(a) is creative, we find it to be without merit and hold that plaintiff did not assert her title to the Three Acre Tract within the seven year period. Accordingly we hold that defendant has acquired title to the property by adverse possession. The order of the trial court is hereby

Affirmed.

Judges EAGLES and GREENE concur.